UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION<br><br>Plaintiff: Erika Olinger<br><br>Case No.: | MDL NO. 2921<br><br>Honorable Brian R. Martinotti<br>District Court Judge<br><br>Honorable Joseph A. Dickson<br>Magistrate Judge<br><br>MASTER SHORT-FORM COMPLAINT FOR PERSONAL INJURIES, DAMAGES AND DEMAND FOR JURY TRIAL |

1. Plaintiff, Erika Olinger, hereby state and incorporate by reference all of the allegations contained in Plaintiffs' Master Long Form Complaint for Personal Injuries, Damages and Demand For Jury Trial ("Master Complaint") as permitted by Case Management Order No. 17 for cases filed directly into this district.

2. In addition to the below-indicated portions of the Master Complaint adopted by the plaintiff(s) and incorporated by reference herein, Plaintiff hereby alleges as follows:

**IDENTIFICATION OF PLAINTIFFS AND RELATED INTERESTED PARTIES**

3. Name and current residence of individual who is alleged to have suffered personal injuries and related damages due to implantation of one or more Biocell Textured Breast Implant medical devices ("Biocell"):

    Erika Olinger

4. Consortium Claim(s): Name and current residence of individual(s) alleging damages for loss of consortium:

    None

5. If a survival and/or wrongful death claim is asserted:

Name and residence of Decedent when she suffered Biocell-related injuries and/or death:

Not applicable

Name and current residence of the individual(s) bringing the claims on behalf of the decedent's estate, and status (i.e., personal representative, administrator, next of kin, successor in interest, etc.):

Not applicable

## VENUE

6. Plaintiff[s] allege that venue for remand and trial is proper in the following federal judicial district:

United States District Court for the Eastern District of Louisiana

## DEVICE IDENTIFICATION

7. [Plaintiff/Decedent] used the following Biocell device[s], which Plaintiff contends caused her injury(ies). Check all that apply and provide all dates of implant and explant:

| ☐ **NATRELLE Silicone-filled Breast Implants**<br>☐ Style 110<br>☐ Style 115<br>☐ Style 120<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** | ☐ **NATRELLE Saline-Filled Breast Implants**<br>☐ Style 163<br>☐ Style 168<br>☐ Style 363<br>☐ Style 468<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |
|---|---|
| ☒ **NATRELLE 410 Highly Cohesive Anatomically Shaped Silicone-Filled Breast Implants**<br>☐ Style LL<br>☐ Style LM<br>☐ Style LF<br>☐ Style LX<br>☐ Style ML<br>☐ Style MM<br>☒ Style MF<br>☐ Style MX<br>☐ Style FL | ☐ **NATRELLE INSPIRA Silicone-Filled Breast Implants**<br>☐ Style TRL<br>☐ Style TRLP<br>☐ Style TRM<br>☐ Style TRF<br>☒ Style TRX<br>☐ Style TSL<br>☐ Style TSLP<br>☐ Style TSM<br>☐ Style TSF<br>☐ Style TSX<br>☐ Style TCL |

| | |
|---|---|
| ☐Style FM<br>☐Style FF<br>☐Style FX<br><br>**Date[s] of Implant:** August 26, 2015<br><br>**Date[s] of Explant (if any):**<br>September 11, 2019 | ☐Style TCLP<br>☐Style TCM<br>☐Style TCF<br>☐Style TCX<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |
| ☐**McGhan BioDIMENSIONAL® Silicone-Filled BIOCELL® Textured Breast Implants, Style 153**<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** | ☐**NATRELLE Dual-Gel Breast Implants**<br>    ☐Style LX<br>    ☐Style MX<br>    ☐Style FX.<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |
| ☐**NATRELLE Komuro Breast Implants**<br>    ☐Style KML<br>    ☐Style KMM<br>    ☐Style KLL<br>    ☐Style RLM<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** | ☐**NATRELLE Ritz Princess Breast Implants**<br>    ☐Style RML<br>    ☐Style RMM<br>    ☐Style RFL<br>    ☐Style RFM<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |
| ☐**NATRELLE 150 Full Height and Short Height double lumen implants.**<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** | ☐**NATRELLE 133 Plus Tissue Expander**<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |
| ☐**NATRELLE 133 Tissue Expander with Suture Tabs**<br><br>**Date[s] of Implant:**<br>**Date[s] of Explant (if any):** | ☐**OTHER (Please describe):**<br><br>**Date[s] of Implant:**<br><br>**Date[s] of Explant (if any):** |

3

## PLAINTIFF'S BIOCELL-RELATED INJURIES

8. Plaintiff[s] allege that one or more Biocell devices caused personal injuries and damages including but not limited to the following:

   <u>Physical pain and suffering, mental anguish, medical expenses, surgical costs of removal of the products, loss of enjoyment of life, lost wages, and ongoing medical monitoring costs</u>

9. Approximate date of Biocell-device related injury:

   <u>September 2019</u>

10. Has Plaintiff or Plaintiff's decedent ever been diagnosed with BIA-ALCL:

    ☐ Yes

    ☒ No

    a. If Yes, date of diagnosis: _____

## CAUSES OF ACTION

11. The following claims asserted in the *Master Complaint* are herein adopted by Plaintiff(s):

    ☒ Count I:     Strict Liability – Manufacturing Defect

    ☒ Count II:    Negligent Manufacturing

    ☒ Count III:   General Negligence

    ☒ Count IV:    Strict Liability Failure to Warn

    ☒ Count V:     Negligent Failure to Warn

    ☒ Count VI:    Negligent Misrepresentation

    ☒ Count VII:   Breach of Implied Warranty of Merchantability

    ☒ Count VIII:  Breach of Express Warranty

    ☒ Count IX:    Strict Liability Design Defect

    ☒ Count X:     Negligent Design

    ☐ Count XI:    Survivorship and Wrongful Death

    ☐ Count XII:   Loss of Consortium

    ☐ Count XIII:  Punitive Damages

    ☒ Other claims and factual basis therefore:

<blockquote>

Manufacturing defect, design defect, failure to warn, and breach of express warranty pursuant to La. R.S. § 9:2800.55 – 9:2800.58 based upon the facts alleged in the Master Complaint;

Redhibition: Under Louisiana law, the seller warrants the buyer against redhibitory defects, r vices, in the thing sold. La. C.C. 2520. Allergan sold and promoted BIOCELL textured implants, and BIOCELL textured implants possess a redhibitory defect because the products were not manufactured and marketed in accordance with industry standards and/or were unreasonably dangerous, as described in the Master Complaint, which renders the products useless or so inconvenient that it must be presumed that the buyer would not have brought the products had she known of the defect. Pursuant to La. C.C. 2520, Plaintiff is entitled to obtain a rescission of the sale of the products. BIOCELL textured implants alternatively possess a redhibitory defect because the products were not manufactured and marketed in accordance with industry standard and/or were unreasonably dangerous, as described in the Master Complaint, which diminishes the value of the products so that it must be presumed that a buyer would still have bought it but for a lesser price. In this instance, Plaintiff is entitled to a reduction in the purchase price of the products. As the manufacturer of the products, under Louisiana law, Allergan is deemed to know that BIOCELL textured implants possessed a redhibitory defect. La. C.C. art. 2545. Allergan is a bad faith seller for selling defective products with knowledge of the defects, and thus, is liable to Plaintiff for the price of the products, with interest from the purchase date, as well as reasonable expenses occasioned by the sale of the products, and attorney's fees. As a result of the redhibitory defects of Allergan's BIOCELL implants, Plaintiff has suffered damages and harm, including, but not limited to, personal injury, physical pain and suffering, mental anguish, medical expenses, surgical costs of removal of the products, loss of enjoyment of life, lost wages, and ongoing medical monitoring costs;

Medical monitoring: Medical monitoring is, to a reasonable degree of medical certainty, required to detect and properly diagnose BIA-ALCL in Plaintiff. This is particular important because BIA-ALCL is less likely to be fatal if diagnosed and treated early in the disease's progression.

</blockquote>

## OTHER DEFENDANTS

12. Plaintiff(s) further bring claims against the following additional Defendants not named in the *Master Complaint*:

    a. Additional Defendant(s):

        Additional Defendant 1: _____

        Additional Defendant 2: _____

    Additional Defendant 3: _____

    Additional Defendant 4: _____

 b. Address(es) of Additional Defendants:

    Address of Defendant 1: _____

    Address of Defendant 2: _____

    Address of Defendant 3: _____

    Address of Defendant 4: _____

 c. Short and Plain Statement of Factual Allegations against Additional Defendants:

   _____
   _____
   _____
   _____
   _____ _____

 d. Claims asserted against Additional Defendants:

   _____
   _____
   _____
   _____
   _____

  **WHEREFORE,** Plaintiff prays for relief and demands a trial by jury as set forth in the Plaintiffs' Master Personal Injury Long Form Complaint in MDL 2921 in the United States District Court for the District of New Jersey.

Date: October 2, 2020        */s/ Claire E. Berg*
                 Claire E. Berg (#37029)
                 M. Palmer Lambert (#33228)
                 GAINSBURGH, BENJAMIN, DAVID,
                 MEUNIER & WARSHAUER L.L.C.
                 2800 Entergy Centre
                 1100 Poydras Street
                 New Orleans, LA 70163
                 Phone: (504) 521-7643
                 Fax: (504) 528-9973
                 plambert@gainsben.com
                 cberg@gainsben.com
                 *Counsel for Plaintiffs*